

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00058-CR

---

KIRK DEWAYNE MCCLAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6736, Honorable Dale A. Rabe, Presiding

---

May 21, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Kirk DeWayne McClain, appeals from the trial court's judgment adjudicating him guilty of aggravated sexual assault[1] and sentencing him to eighty years in prison. The appellate record was originally due April 16, 2024, but the reporter's record has yet to be filed. By letter of April 24, 2024, we notified the reporter that it was overdue and directed her to advise us of the status of same by May 6, 2024. Despite that, the court received no communication.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by June 11, 2024.

Should the reporter file the record on or before June 11, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.

2